UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| James Edward Carter, IV | ) CASE NO. 17-56869-PMB |
| | ) |
| | ) |
| DEBTOR. | ) |

## CHAPTER 13 TRUSTEE'S
## OBJECTION TO CONFIRMATION & MOTION TO DISMISS

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

2. The Debtor has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

3. Tax escrow slips have not been submitted, to reflect a self-employment tax withholding obligation; thereby, failing to substantiate the funding of post-petition obligations, 11 U.S.C. Section 1325(a)(6).

4. Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2013, 2015 and 2016.

5. In accordance with General Order No. 18-2015 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $20,370.00 per month 1099 income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

6. Pursuant to the Debtor's testimony, the monthly expense for self-employment taxes escrow is $3,200.00 not $2,000.00 as reflected on Schedule J, rendering the proposed Plan and budget infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. The funding of post-petition mortgage installments has not been maintained in the above-styled Chapter 13 case; thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

8. The Form 22C-1 filed in this case fails to disclose all of the Debtor's income in the six (6) months preceding the filing of this case, in violation of U.S.C. Sections 521(a) and 1325(b). The CMI form erroneously excludes income from Debtor's prior business.

9. All prior bankruptcy cases of the Debtor, or pending related bankruptcy cases, may not have been disclosed; thereby, indicating a lack of good faith in proposing the instant repayment Plan, possibly in violation of 11 U.S.C. Section 1325(a)(3) and 1325(a)(7). Debtor's business Chapter 7 cases filed in April of 2017.

10. Pursuant to information received from the Internal Revenue Service, 2013, 2015 and 2016 tax returns have not been provided to the taxing authorities and Pursuant to Debtor's testimony received from Georgia Department of Revenue, 2013, 2015 and 2016 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

11. The voluntary petition fails to reflect Debtor's complete name also known as James Edward Carter, IV.

12. Pursuant to Debtor's testimony, Debtor has sold three businesses in the last four years: one in 2013 for 3.4 million, "Marietta Smiles LLC" for 1.1 million, and Sugar Hill Dentistry for $800,000.00. The Trustee requests the Debtor provide copies of all documentation concerning the above businesses, including, but not limited to, all deeds, certificates of title, security deeds, promissory notes and/or retail installment contracts, appraisals, realtor contracts, HUD-1's or settlement statements and an accounting of how the net proceeds were spent, if applicable. 11 U.S.C. Sections 547, 548, 1325(a)(1), 1325(a)(3), and 1325(a)(7).

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Jonathan S. Adams
Jonathan S. Adams
GA Bar No. 979073
Attorney for Chapter 13 Trustee

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| James Edward Carter, IV | ) ) | CASE NO.: 17-56869-PMB |
| | ) ) | |
| DEBTOR. | ) | |

17-56869-PMB    **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    James Edward Carter, IV
    2000 Norland Circle Ct
    Alpharetta, GA 30022

    DEBTOR(S) ATTORNEY:
    Howard P. Slomka
    Slipakoff & Slomka, PC
    Suite 200
    1069 Spring Street, NW
    Atlanta, GA 30309

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Tuesday, June 6, 2017

/s/
Jonathan S. Adams
GA Bar No. 979073
Attorney for Adam M. Goodman, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:   678-510-1444
Facsimile:    678-510-1450